UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SEAN M. FOWLER, | ) |
| Plaintiff, | ) |
| v. | ) |
| CRICKET COMMUNICATIONS, INC., | ) Jury Trial Demanded |
| Defendant. | ) |

## COMPLAINT FOR DISABILITY DISCRIMINATION AND FOR RETALIATION

NOW COMES the Plaintiff, Sean M. Fowler (hereinafter "Plaintiff"), by and through his attorneys at Neal C. Zazove & Associates, P.C., and as his complaint against the Defendant, Cricket Communications, Inc. (hereinafter "Defendant"), states as follows:

## NATURE OF ACTION

1. This action is brought under Title 42 U.S.C. § 12101 *et seq.*, also known as the Americans with Disabilities Act, for disability discrimination and for retaliation.

## JURISDICTION AND VENUE

2. This action arises out of work-related disability discrimination and retaliation. Plaintiff raises questions under Title 42 U.S.C. § 12101, *et seq.* As such, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. Venue lies in the Northern District of Illinois in that the Plaintiff is a resident of this district and Defendant is engaged in business in this district.

4. On March 26, 2010, Plaintiff filed his Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (hereinafter "EEOC") for

1

work-related disability discrimination and retaliation. A copy of the Charge of Discrimination is attached and incorporated herein as Plaintiff Exhibit A.

5. The EEOC sent Plaintiff a right to sue letter on June 13, 2011. A copy of the Notice of Suit Rights is attached and incorporated herein as Plaintiff Exhibit B.

6. Plaintiff demands a trial by Jury.

## PARTIES

7. Plaintiff has been diagnosed with obsessive-compulsive disorder (hereinafter "OCD") and is currently residing in Mundelein, Illinois.

8. Defendant is a corporation incorporated in the State of Delaware, but is doing business and has offices in the State of Illinois.

9. The Defendant is engaged the sale of telecommunications plans and devices. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and, therefore, was and is an "employer" as defined under both the federal statutes relied upon herein.

## ALLEGATIONS

**42 U.S.C. § 12101 *et seq*. Disability Discrimination and Retaliatory Discharge**

10. Plaintiff asserts that he was discriminated against by the Defendant because of his disability, which as pointed out above, is OCD.

11. In particular, Plaintiff claims that he was terminated for purported reasons that were merely pretextual.

2

## **DISABILITY DISCRIMINATION AND RETALIATION**

12. Plaintiff, as an individual who has been diagnosed with OCD, is within a class protected by 42 U.S.C. § 12101, *et seq.*, also known as the Americans with Disabilities Act.

13. Plaintiff was employed by the Defendant as a Retail Business Manager from January 5, 2009 until March 18, 2010, when his employment was terminated by Defendant.

14. Prior to his employment with Defendant, Plaintiff was diagnosed with OCD.

15. Plaintiff's OCD causes him severe anxiety and catastrophic thinking, both of which constituted a major life impairment on Plaintiff's daily life activities.

16. Plaintiff was capable of performing the essential functions of his position as a Retail Business Manager for Defendant.

17. During Plaintiff's employment with Defendant, Plaintiff received numerous accolades regarding his job performance as a Retail Business Manager.

18. On or about February 1, 2010, Plaintiff's manager attempted to transfer Plaintiff to another office, but Plaintiff notified his manager that such a transfer would severely limit Plaintiff's ability to visit his treating doctor regarding Plaintiff's OCD.

19. On or about February 3, 2010, Plaintiff met with a Human Resources representative and his manager to discuss Plaintiff's working conditions pertaining to his OCD.

20. Even though Plaintiff was not transferred to another office, Plaintiff's manager threatened Plaintiff with disciplinary action against him after the aforesaid February 3, 2010 meeting.

3

21. After the February 3, 2010 meeting, Plaintiff's manager subjected him to a higher level of scrutiny regarding his job performance.

22. On or about March 11, 2010, Plaintiff met with Defendant's District Director and a Human Resources representative to discuss the accommodations concerning Plaintiff's OCD and Plaintiff's manager's higher level of scrutiny toward him.

23. On or about March 11, 2010, Plaintiff informed Defendant of Plaintiff's intent to file a claim with the Equal Employment Opportunity Commission.

24. On March 18, 2010, Defendant informed Plaintiff that he had become "obsessed" with Plaintiff's manager's harassment against Plaintiff.

25. On March 18, 2010, as an act of discrimination and retaliation, Defendant terminated Plaintiff from employment.

26. As a direct and proximate result of the previously-stated actions by the Defendant, Plaintiff has in the past and will in the future suffer loss of income, loss of reputation, employment status, benefits, and other emoluments of employment. Plaintiff has also suffered embarrassment, pain and suffering, humiliation, fear, anxiety and stress.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in favor of Plaintiff and against Defendant, and award the following relief to Plaintiff:

(a) Find the Defendant has violated applicable law and award Plaintiff compensatory damages to compensate his for injures and damages, including but not limited to back wages, front wages, employee benefits and other emoluments of employment, pain and suffering and interest;

4

(b) Award Plaintiff reasonable attorney's fees and costs and litigation expenses as provided by statute;

(c) Award Plaintiff punitive damages; and

(d) Award whatever additional relief it deems just and appropriate under the circumstances.

Respectfully submitted,

s/ Neal C. Zazove
Plaintiff Sean Fowler, by One of his Attorneys.

Neal C. Zazove
Franklin Z. Wolf
Neal C. Zazove & Associates, P.C.
19 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 641-5444
topspyn@ameritech.net
franklinzwolf@gmail.com

5